J-A10042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTONIO ERWIN | : | |
| | : | |
| Appellant | : | No. 2275 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 3, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001972-2011

BEFORE: GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED JULY 22, 2019**

Appellant, Antonio Erwin, appeals from the judgment of sentence imposed following revocation of his probation. We affirm and grant counsel's petition to withdraw.

The trial court opinion sets forth the relevant facts and procedural history of this case as follows:

> On January 9, 2012, [the trial court] sentenced Appellant, on the charges of Possession With Intent to Distribute and simple possession of heroin, to an aggregate sentence of three to six years of incarceration, followed by two years of probation. Appellant filed a timely notice of appeal. [The] Superior Court affirmed the judgment of sentence on September 26, 2012.[1]
>
> [1] 399 EDA 2012 [60 A.3d 862 (Pa.Super. 2012)].
>
> On July 3, 2018, Appellant was before the court for a violation of probation hearing. The court heard testimony from Appellant's probation agent, Christopher Bachman, who informed the court that Appellant had absconded from

probation and had failed to report for approximately two months prior to being arrested. Agent Bachman also related to the court that Appellant had an extensive history of violations for drug use and absconding from supervision while on the parole phase of his sentence, that the Parole Board had utilized parole violator centers as well as inpatient treatment, and that Appellant had attended outpatient treatment while on probation but stopped attending at the same time he stopped reporting to probation. Appellant told the court that he had, been injecting heroin "for a few years," that he was currently injecting a bundle of heroin per day, and that he was not sure how many times he had overdosed. The court inquired into Appellant's history of drug use, his family relationships, and his work history.

At the conclusion of the hearing, the court revoked Appellant's probation and resentenced him to a term of six to twenty-three months of incarceration, with a drug treatment evaluation[2] and immediate parole to a drug treatment facility upon bed availability.

> [2] The Forensic Intensive Recovery (FIR) Program was implemented in response to a federal consent decree that required the City of Philadelphia to reduce its inmate population. FIR is a prison deferral initiative that offers eligible participants substance abuse treatment in lieu of incarceration.

On August 2, 2018, Appellant filed a Notice of Appeal. On August 16, 2018, this court ordered Appellant to file a Concise Statement of [Errors…] pursuant to Pa.R.A.P. 1925(b). On September 18, 2018, the transcribed notes of testimony became available. On October 5, 2018, Appellant's court-appointed counsel filed a statement of intent…pursuant to Pa.R.A.P. 1925(c)(4).

(Trial Court Opinion, filed October 23, 2018, at 1-2) (internal citations to record and footnote 3 omitted). On December 4, 2018, counsel filed a petition to withdraw and a brief in this Court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We denied that petition and

remanded for counsel to file a revised petition, which counsel filed on May 2, 2019.

As a preliminary matter, counsel seeks to withdraw from representing Appellant, pursuant to **Anders, supra** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a pro se brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61.

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \*   \*   \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360.  Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.  Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).  After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous.  **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

Instantly, Appellant's counsel has filed a revised petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous.  Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's immediate right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention.  In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case.  Counsel's brief refers to relevant law that might arguably support Appellant's issue.  Counsel

- 4 -

further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.  Appellant has not responded to the **Anders** brief *pro se* or with newly-retained private counsel.

In the **Anders** brief, counsel raises the following issue on Appellant's behalf:

> WHETHER THE SENTENCE OF 6 TO 23 MONTHS' INCARCERATION WITH CONDITIONAL PAROLE UPON COMPLETION OF A DRUG EVALUATION WAS SO HARSH TO BE CONSIDERED TOO SEVERE A PUNISHMENT?

(**Anders** Brief at 2).

Appellant argues the imposition of a sentence of incarceration was harsh and manifestly excessive in light of Appellant's request for immediate parole on the day of sentencing and outpatient drug therapy, instead of the FIR drug evaluation and parole to inpatient therapy.  Appellant does not contest the actual length or term of the sentence of six to twenty-three months.  His complaint rests mainly with the eight-week delay before parole, based on the court's desire to keep Appellant off the streets, away from drugs, and clean until the FIR drug evaluation and therapy was completed.  As presented, Appellant's claim challenges the discretionary aspects of the sentence.  **See Commonwealth v. Lutes**, 793 A.2d 949, 964 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

When reviewing the outcome of a revocation proceeding, this Court is

limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*) (explaining that, notwithstanding prior decisions which stated our scope of review in revocation proceedings is limited to validity of proceedings and legality of sentence, this Court's scope of review on appeal from revocation sentencing can also include discretionary sentencing challenges).

In the context of probation revocation and resentencing, the Sentencing Code provides, in pertinent part:

**§ 9771. Modification or revocation of order of probation**

**(a) General rule.**—The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

**(b) Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

**(c) Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

- 6 -

(3) such a sentence is essential to vindicate the authority of the court.

\* \* \*

42 Pa.C.S.A. § 9771(a)-(c). "The reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated." *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa.Super. 2014), *appeal denied*, 631 Pa. 710, 109 A.3d 678 (2015).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Rule 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (most internal citations omitted). This Court must evaluate what constitutes a substantial question on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable

argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra***. A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. ***Commonwealth v. Mouzon***, 571 Pa. 419, 430, 812 A.2d 617, 624 (2002). Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. ***Id.*** at 435, 812 A.2d at 627.

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth v. Hoover***, 909 A.2d 321, 322 (Pa.Super. 2006). The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa.Super. 2006), *appeal denied*, 588 Pa. 788, 906 A.2d 1196 (2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa.Super. 2001).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with

- 8 -

the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." **Id.** Nevertheless, the revocation "court need not undertake a lengthy discourse for its reasons for imposing a sentence" or refer to a specific statute; but, the record as a whole must reflect that the court considered the facts of the case and the character of the offender. **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010).

Instantly, Appellant asked for immediate parole when the trial court imposed the revocation sentence. The transcript includes a lengthy discussion regarding the delay in FIR drug evaluations and the court's reasons for confining Appellant until the evaluation was completed. Therefore, we deem Appellant's issue preserved at the time of sentencing, contrary to the Commonwealth's contention. Here, the court reasoned:

> Appellant's history of parole violations as well as his own credible testimony about the level of his addiction made clear that community supervision had thus far been ineffective in rehabilitating him and that Appellant presented a significant danger to himself in the form of potential overdose. Therefore, a sentence of confinement with parole to an inpatient rehabilitation facility was appropriate.
>
> In resentencing Appellant, this court was balancing the

- 9 -

> interests of society, Appellant's individual circumstances and the possibility of rehabilitating Appellant outside of prison. This court found that due to Appellant's repeated failure to adhere to the conditions of his supervision that probation was no longer viable or beneficial and that Appellant and the Commonwealth would both be better served if Appellant was held until a bed was available and he could be securely transported to a rehabilitation facility.

(Trial Court Opinion at 4). The record and relevant law support the court's decision, particularly in light of Appellant's admitted struggles to participate in outpatient therapy and remain drug-free while on probation. Thus, Appellant is not entitled to relief on the ground asserted. Following an independent review of the record, we agree with counsel that the appeal is wholly frivolous. *See Dempster, supra*. Accordingly, we affirm the revocation sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/19